IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NECMETTIN NISLI,

        Petitioner,

    v.                                  3:26cv0947

                                          ELECTRONICALLY FILED

KRISTI NOEM, ET AL.,

        Respondent(s).

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER NECMETTIN NISLI'S *PRO SE* PETITION FOR WRIT
OF HABEAS CORPUS UNDER 28 U.S.C. §2241 (Doc. 3)**

Pending is Petitioner Necmettin Nisli's *pro se* Petition for Writ of Habeas Corpus under

28 U.S.C. § 2241.  (Doc. 3).

In his habeas petition, Petitioner asserts he is being: (1) detained in violation of his rights

under the Due Process Clause of the Fifth Amendment to the United States Constitution ("Fifth

Amendment"); and (2) denied adequate medical care in deliberate indifference to his serious

medical needs in violation of his rights under the Eighth Amendment to the United States

Constitution ("Eighth Amendment").  (*Id.* at 6-7).  As relief, Petitioner seeks his immediate

release from detention.  (*Id.* at 8).

Respondents oppose Petitioner's habeas petition on the basis that: (1) "[t]his case is a 'Q.

Li' case where the government has detained petitioner under 8 U.S.C. § 1225(b)(2)(A)" and

"[c]onsequently, he is subject to mandatory detention;" and (2) "habeas relief in the form of

release due to concerns with his health and medical care appear unwarranted, given that the

Petitioner appears to be declining the recommended treatment."  (Doc. 6 at 5 and 11, Doc. 8

at 2).

1

## I.    Jurisdiction

As explained by the district court in *Calzado Diaz v. Noem*, Civ. No. 3:25-458, 2025 WL

3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.):

> "The Supreme Court has held that § 2241 confers jurisdiction upon the federal
> district courts to consider cases challenging the detention of aliens during
> removal proceedings." *Bystron v. Hoover*, 456 F. Supp. 3d 635, 640 (M.D. Pa.
> 2020) (citing *Demore v. Kim,* 538 U.S. 510 (2003*); Zadvydas v. Davis*, 533 U.S.
> 678 (2001)). Thus, "a habeas petition under § 2241 is the proper vehicle for an
> inmate to challenge 'the fact or length of confinement,' *Preiser v. Rodriguez*,
> 411 U.S. 475, 494 (1973), or the 'execution' of his confinement." *Bystron*, 456
> F. Supp. at 640 (quoting *Woodall v. Fed BOP*, 432 F.3d 235, 241–42 (3d Cir.
> 2005)). Indeed, a district court "may issue a writ of habeas corpus when a
> petitioner is in custody in violation of the Constitution or laws or treaties of the
> United States." *Id*. (internal quotation marks and citation omitted); 28 U.S.C.
> §   2241(c)(3).

*Calzado Diaz*, 2025 WL 3628480, at *3.

## II.    Discussion

> A. *Petitioner's Two-Month Detention is Governed by 8 U.S.C. § 1226(a) and*
> *thus, Petitioner is entitled to an individualized bond hearing, but not*
> *immediate release from detention*

Petitioner first claims that he is being improperly detained in violation of his due process

rights under the Fifth Amendment.  (Doc. 3 at 6).

In reviewing Petitioner's Fifth Amendment due process claim, our inquiry starts with

whether Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A) ("Section

1225(b)(2)(A)"), as contended by Respondents, or whether Petitioner's detention is governed by

8 U.S.C. § 1226(a) ("Section 1226(a)").

The following relevant facts are undisputed for purposes of deciding Petitioner's pending

habeas petition.  One, Petitioner is a native and citizen of Turkey.  Two, on November 28, 2024,

2

Petitioner entered the United States ("U.S.") without inspection near Jacumba, California, was detained by immigration officials without a warrant, and ultimately released into the U.S.  Three, on April 24, 2026, Petitioner was detained by the government in the interior of the United States.

Because on April 24, 2026, when Petitioner was detained, he was located in the interior of the United States, the Court finds that Petitioner's detention is governed by Section 1226(a), and not, as argued by Respondents, Section 1225(b)(2)(A).  *See Humberto Pico Bano v. Mullin et al.,* Civ. No. 4:26-1449, 2026 WL 1726260, at *3 (M.D. Pa. June 15, 2026) (concluding as to the petitioner, who had entered the United States in October of 2024, was initially paroled into the country, and then arrested and detained by ICE in April of 2026: "[He] entered the United States in October of 2024 and, at that time, he could reasonably have been construed as seeking admission and therefore as an individual governed by § 1225(b).  However, he was not arrested and detained until April of 2026 after having resided 'in the United States for an extended period of time'; accordingly he is no longer seeking admission and '§ 1226(a), not § 1225(b)(2)(A), applies to' Pico Bano during his detention"); *id.* (reasoning: "[b]ecause Pico Bano's status as a former parolee does not render him subject to the mandatory detention language contained in § 1225, such status does not alter the fact that he is entitled to a bond hearing pursuant to § 1226.").

Having so found, the next question is to what relief is Petitioner entitled.  While Petitioner asserts that he is entitled to immediate release from detention due to his alleged prolonged and arbitrary and capricious detention, where, as here, Petitioner has been detained for approximately two (2) months pending removal proceedings, the Court disagrees.  Rather, the sole relief available to Petitioner at this time is an individualized bond hearing as required by Section 1226(a).

Thus, while an individualized bond hearing as required by Section 1226(a) is not the exact relief sought by Petitioner, in light of Petitioner's *pro se* status, the Court will interpret his habeas petition to include a request for an individualized bond hearing, and will grant Petitioner's habeas petition to the extent that it will order an individualized bond hearing be held as to Petitioner as detailed below.

> B. *Petitioner has not established that, in violation of his rights under the Eighth Amendment, he has been denied adequate medical care in deliberate indifference to his serious medical needs*

Petitioner also claims that Respondents have denied him adequate medical care at Moshannon Valley Processing Center ("MVPC") in deliberate indifference to his serious medical needs (panic attacks, heart arrythmia, and respiratory distress) and thus, have violated Petitioner's rights under the Eighth Amendment to the United States Constitution ("Eighth Amendment"). (Doc. 3 at 6-7).

Petitioner did not include any medical records with his habeas petition to support this constitutional claim. (*See* Doc. 3). Rather, Petitioner alleges that he was told by medical staff at MVPC that they do not have the ability to care for his medical conditions. (*Id.* at 7).

In response to this claim by Petitioner, Respondents posit:

Attached are medical records from MVPC, which appear to document that Petitioner suffers from a mental health disorder and has been treated for "panic attacks" while at MVPC. That said, the records further demonstrate that the medical staff at MVPC have provided Petitioner with certain medications to address the same, as well as other treatments. Recently, however, Petitioner appears to be declining the same. For example, the attached records appear to show that as recently as June 7, 2026, and going back to May 26, 2026, the medical staff at MVPC offered Petitioner a drug called Fluoxetine (pp. 11-27), which was in response to a medical appointment for panic disorder. Petitioner refused to take the medications. Petitioner received a mental health evaluation (pp. 33-38) at MVPC for panic disorder and was offered mental healthcare (pp. 31-32), which he declined. On April 29, 2026, Petitioner refused treatment for panic disorder.

4

> Petitioner's claim that he suffers from a panic disorder appears documented in the attached medical records from MVPC. Perhaps this information will be relevant in the immigration court if the Court awards his (sic.) partial habeas relief in the form of an individualized bond hearing. That said, habeas relief in the form of release due to concerns with his health and medical care appear unwarranted, given that the Petitioner appears to be declining the recommended treatment.

(Doc. 8 at 2-3).

"To establish deliberate indifference [to a serious medical need], Petitioners must show the Government knew of *and disregarded* an excessive risk to their health and safety. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 329 (3d Cir. 2020) (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (emphasis in original).

With respect to Petitioner's alleged heart issue and respiratory distress, the Court has searched the medical records submitted by Respondents, the only medical records made available to the Court, for evidence that Petitioner suffers from a heart arrythmia[1] or respiratory distress, as Petitioner asserts, but has not located any medical documents which support that Petitioner currently is suffering from these impairments.  To the contrary, the only MVPC medical document that specifically addresses Petitioner's heart health, which is dated April 29, 2026, indicates Petitioner's "Heart Exam" as "WNL" (within normal limits) and the Court could not locate any MVPC medical records wherein Petitioner complained to MVPC staff that he was experiencing respiratory distress.  (Doc. 8-1 at 74).  (*See also* i*d.* at 42) (indicating as to Petitioner's "Pertinent Medical History:" "Nothing noted"). Otherwise, the only evidence of Petitioner suffering from cardiac and respiratory issues is that Petitioner listed chest pain and shortness of breath amongst the symptoms he suffers when he has a panic attack.

---

[1]  A heart arrhythmia  . . . is an irregular heartbeat."  Https://www.mayoclinic.org/diseases-conditions/heart-arrhythmia/symptoms-causes/syc-20350668 (last visited June 16, 2026).

As to Petitioner's panic attacks, the MVPC medical records support that Petitioner suffers from panic attacks.  (*See id. en toto*).  These medical records also show that MVPC's staff have treated, and attempted to treat,[2] Petitioner's panic attacks throughout Petitioner's time at MVPC. (*See id*. at 33-35, 37, 42, 51, 53-54, 58, 73, 85, 90, and 95).

Thus, having *reviewed* the parties' filings, including Petitioner's MVPC medical records, the Court finds that because: (1) there is no record of Petitioner reporting to MVPC staff that he was experiencing a cardiac or respiratory issue; (2) Petitioner's MVPC medical records support that Petitioner's heart/cardiac health is "WNL" (within normal limits); and (3) Petitioner's MVPC medical records show that MVPC staff have diligently treated, and attempted to treat, Petitioner's panic attacks, Petitioner has not established that Respondents knew of, and disregarded, an excessive risk to Petitioner's health and safety.

Accordingly, Petitioner has not established that Respondents violated his rights under the Eighth Amendment through deliberate indifference with respect to a serious medical need of Plaintiff while detained at MVPC, and Petitioner's contention that he is entitled to an order directing his immediate release from detention because of said alleged constitutional violation shall be denied.

## III.    CONCLUSION

For the above-stated reasons, Petitioner's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 3) shall be GRANTED and the **WRIT SHALL ISSUE**, on these terms:

1.    Respondents shall cause Petitioner to be taken to a neutral immigration judge of the Executive Office of Immigration Review for an individualized

---

[2]On numerous occasions, Petitioner refused to take one of the medications (Prozac) prescribed by MVPC medical staff for Petitioner's panic attacks, and on at least one occasion, Petitioner refused to meet with MVPC mental healthcare treatment providers.  (*See* Doc. 8-1 at 2, 4, 5, 11, 15, 17, 19, 21, 23, 25, 27, 29, 31, 58, and 64).

bond hearing to occur within **30 days** of this order, or else release Petitioner by such date.

2. Respondents shall ensure that such a hearing include the required due process, *i.e.*, at a minimum, factfinding based on a record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make arguments on the Petitioner's behalf; and the right to an individualized determination of Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

3. Petitioner shall be responsible for securing the necessary transcripts and record of the bond hearing.

The Court trusts the immigration judge to comply with this order and ensure that

Petitioner is provided due process, and therefore, the immigration judge shall explain his or her

individualized determination on the record. *See Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212

(3d Cir. 2005).

Otherwise, Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

(Doc. 3) is DENIED.

A Judgment Order will be issued forthwith.

The Clerk of Court shall administratively close this case.

SO ORDERED this 17th day of June, 2026,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    counsel of record via CM/ECF

ECMETTIN NISLI - A 241 138 429
MOSHANNON VALLEY PROCESSING CENTER
555 GEO DRIVE
PHILIPSBURG, PA 16866